OPINION OF THE COURT
John G. Marks, J.
The People’s motion for an order, pursuant to CPL 160.50, granting the People equal access to the unsealed records and transcript in the case People v Thomas (docket No. 7805/99) is denied.
*703 Once records have been sealed, the statute affords only narrow grounds for unsealing. CPL 160.50 (1) (d) states in pertinent part: “[R]ecords shall be made available to the person accused or to such person’s designated agent, and shall be made available to * * * (ii) a law enforcement agency upon ex parte motion in any superior court-, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it” (emphasis added).
The instant motion is not before a superior court and there is no jurisdiction under .the aforementioned statute to grant the relief requested.
Moreover, under this statute, a law enforcement agency has to demonstrate to the court that “justice requires that such records be made available to it.” (CPL 160.50 [1] [d].) The People contend that defense counsel may use the minutes of the Thomas trial to cross-examine the People’s witness, and that by permitting its use, Mr. Thomas has made said records public. The court disagrees with this reasoning. CPL 160.50 permits the accused to grant a designated agent access to his sealed records; in this case, defense counsel only. Mr. Thomas’ sealed record does not become public record merely by reciting some of its contents at trial. Thus, the People have not satisfactorily demonstrated that the interests of justice require the unsealing of Mr. Thomas’ records.
Notwithstanding this court’s denial of the instant motion, if the defendant uses any portion of the testimony of a witness, who testified at the trial of docket No. 7805/99, defendant will be required to turn over to the People the entire transcript of that witness’ testimony. Additionally, in the discretion of the Trial Judge, defendant may be required to turn over to the People any items contained in the sealed file which were put in issue by that witness’ testimony.